IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENTE M. AHUMADA,

    Petitioner,                    No. 2:10-cv-3455 JAM EFB P

    vs.

ANTHONY HEDGPETH,

    Respondent.                 <u>FINDINGS AND RECOMMENDATIONS</u>

                          /

    Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss the petition as untimely. Dckt. No. 27. For the following reasons, the motion should be granted.

**I.    Procedural History**

    Petitioner was convicted of two counts of first degree murder. Documents Lodged ISO Resp.'s Mot. to Dismiss (hereinafter "Lodg. Doc."), 1. He appealed and on September 25, 1990, the California Court of Appeals, Third Appellate District, affirmed. Lodg. Doc. 2. Petitioner did not seek review in the California Supreme Court.

////

////

Petitioner subsequently filed six state habeas petitions. His first petition was filed in the Glenn County Superior Court on March 27, 1997, and was denied May 5, 1997.[1]  Lodg. Doc. 3. On March 28, 1997, petitioner filed a second habeas petition in the California Supreme Court, which was denied on May 28, 1997.[2]  Lodg. Docs. 4, 5. On September 16, 1997, petitioner filed a third habeas petition in the California Court of Appeal, Third Appellate District. Lodg. Doc. 6. That petition was denied on September 25, 1997. Lodg. Doc. 7. A fourth habeas petition was filed in the California Supreme Court on October 7, 1997. Lodg. Doc. 8. That petition was denied on January 28, 1998. Lodg. Doc. 9.

On February 28, 2010, nearly 12 years after the denial of his last state petition, petitioner filed another habeas petition in the California Court of Appeal. Lodg. Doc. 10. That petition was denied on March 11, 2010. Petitioner's sixth state habeas petition, filed March 30, 2010, was denied by the California Supreme Court on October 13, 2010. Lodg. Docs. 12, 13.

Petitioner filed this federal petition on November 28, 2010. Dckt. No. 1.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all petitions for writ of habeas corpus filed after its enactment. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir. 2003). It imposes a one-year limitations period for seeking federal habeas relief that begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to

---

[1] Unless stated otherwise, the court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).
  Respondent was unable to obtain a copy of petitioner's first habeas petition. The court therefore utilizes the filing date provided in the state court's order denying that petition.

[2] Petitioner's second state habeas petition does not contain a proof of service and is undated. Accordingly, the petition is deemed filed on the date it was received by the California Supreme Court.

filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *overruled on other grounds by Pace*, 544 U.S. at 418 (2005); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

////

////

////

## III. Analysis

### A. Start Date of the Limitations Period

Petitioner's conviction became final prior to the April 24, 1996 enactment of AEDPA. He was sentenced on March 27, 1989. Lodg. Doc. 1. His sentence was affirmed by the California Court of Appeal on September 25, 1990. Lodg. Doc. 2. Petitioner did not seek review in the California Supreme Court. His conviction became final within the meaning of section 2244(d)(1)(A) when the time for filing a petition for review expired on November 4, 1990, forty days after the California Court of Appeal filed its decision. *See* Cal. Ct. R. 8.264(b)(1), 8.500(e); *see also Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008).

Because petitioner's conviction became final prior to the enactment of AEDPA, he had a one-year grace period to file his federal petition. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001). Thus, petitioner had until April 24, 1997 to file his federal habeas petition. Absent tolling, his application in this court is more than 13 years late.

### B. Tolling

Respondent does not dispute that petitioner's first two habeas petitions were properly filed. Dckt. No. 27 at 5. With the proper filing of those two petitions, petitioner is entitled to tolling from March 27, 1997, the date the first petition was filed, through May 28, 1997, the date the second state petition was denied. Respondent contends, however, that petitioner is not entitled to tolling for the interval between the denial of the second state habeas petition and the filing of the third because (1) the third state petition commenced a "new round" of state habeas petitions and (2) there was an unreasonable delay in filing the third habeas petition.

The arguments appear to be well taken. However, even if the third habeas petition was properly filed, statutory tolling does not save petitioner's federal petition from dismissal. By the time petitioner filed his first state habeas petition, 336 days of the limitations period had expired, leaving petitioner with 29 days to file his federal petition. Assuming petitioner's first four state petitioners were properly filed, and therefore provided statutory tolling from March 27, 1997,

4

through the date the fourth petition was denied, the federal filing deadline would only be extended to February 26, 1998. *See* Lodg. Doc. 3-9. The instant petition, however, was not filed until December 2010.

Furthermore, petitioner's last two state habeas petitions, both filed in 2010, do not provide a basis for tolling because they were filed well after the expiration of the limitations period. Lodg. Docs. 10, 12. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir 2003); *see Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (finding a petitioner's filing of a state habeas petition after the one-year limitations period ran "resulted in an absolute time bar to refiling after his state claims were exhausted").[3]

Petitioner contends, however, that he is entitled to equitable tolling. Dckt. No. 29 at 2-3. He argues that this court should deem his petition timely because he does not speak English and the prison law library does not have legal materials in Spanish. *Id*. As provided above, to toll the federal habeas limitations period for equitable reasons, the petitioner must show that: (1) he has been pursuing his rights diligently, and (2) some external extraordinary circumstance stood in his way and caused the untimeliness.

A lack of access to Spanish-language legal materials may, in some circumstances, entitled a petitioner to equitable tolling. In *Mendoza v. Carey*, 449 F.3d 1065, 1069, (9th Cir. 2006), the United States Court of Appeals for the Ninth Circuit held that the "combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances." The court further held that "a non-English speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation,

---

[3] Petitioner also previously filed a federal habeas petition in this court, which was dismissed for failure to exhaust. Lodg. Doc. 17. A federal petition, however, does not provide a basis for tolling. *Duncan*, 533 U.S. at 181-82.

he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id*. at 1070.  The court explained that "a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief." *Id*.

As an initial matter, the record before the court contradicts petitioner's claim that he does not speak English.  While the level of his proficiency may be a fair question, the record simply cannot support the claim that his proficiency was so lacking that he was prevented from diligently pursuing his claims.  In support of the motion to dismiss, respondent submits a report from a probation officer.  Lodg. Doc. 14.  The report reveals that an interview was conducted between petitioner and a probation officer on March 17, 1989.  The author of the report explains that while petitioner had an interpreter available, "[t]he interview was conducted *almost entirely in English* with defendant responding in English . . . ." *Id*. at 3 (emphasis added).  Documents submitted by respondent also show that in 1998, petitioner was interviewed by the FBI and the Glenn County Sheriff's Department.  Lodg. Doc. 15.  This interview was also conducted in English.  *See generally Id*.[4]

Even if petitioner could establish that he does not speak English, he has failed to show that he was unable to procure translation assistance from others.  Indeed, petitioner filed multiple habeas petitions in state court.  These petition were drafted in English and contained citations to legal authority.  *See* Lodg. Doc. 4, 6, 8, 10, 12.  Either the petitioner himself, or someone assisting him was able to prepare and file these pleadings in English.  Further, petitioner's pleadings filed in this action have all been drafted in English.  Thus, even if petitioner does not speak English, as he claims, he has nonetheless failed to demonstrate an inability to obtain the

---

[4] Respondent also submits petitioner's institutional educational records in support of the motion to dismiss.  Lodg. Doc. 16.  The educational records show erratic scores in reading and writing and provide the court with little insight into petitioner's understanding of the English language.  At most, this evidence shows that petitioner has received some formal education in reading and writing in English.  *See* Lodg. Doc. 16.

necessary assistance to timely file his federal petition.

Furthermore, petitioner is not entitled to equitable tolling because he not satisfied his burden of showing that he pursued his rights diligently at all times. *Pace*, 544 U.S. at 410-11, 419 (requiring a petitioner to exercise diligence at all time prior to filing a federal petition for equitable tolling). Petitioner's fourth state habeas petition was denied on January 28, 1997. Lodg. Doc. 9. Petitioner, however, waited until February 28, 2010, to file his next state habeas petition. Petitioner provides no explanation as to why he took no legal action for more than 12 years. He simply claims that he "made all efforts to diligently comply with the Rules of Law." Dckt. No. 29 at 2. The 12 years of inactivity demonstrates petitioner's failure to exercise due diligence in pursuing post-conviction relief.

The undersigned finds that petitioner failed to show that he diligently pursued his rights and that some extraordinary circumstance prevented him from timely filing his federal application. Accordingly, petitioner is not entitled to equitable tolling.

**IV.   Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, Dckt. No. 27, be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing

Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: March 19, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE